Terrence J. Edwards (Utah State Bar No. 09166)
Preston C. Regehr (Utah State Bar No. 06317)

TechLaw Ventures, PLLC
3290 West Mayflower Way
Lehi, Utah 84043
Telephone: (801) 854-7675
Fax: (801) 852-8203
Email: terrence.edwards@techlawventures.com; docket@techlawventures.com

Attorneys for Plaintiffs,
Lake Mountain Nurseries, Inc. (dba Biograss Nurseries)
Biograss Sod Farms, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LAKE MOUNTAIN NURSERIES, INC., a Utah Corporation, and BIOGRASS SOD FARMS, INC., a Utah Corporation,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>SONIC SOLUTIONS, LLC, a Utah Limited Liability Company,<br><br>　　　　　　Defendant. | COMPLAINT<br>AND<br>JURY DEMAND |

COMES NOW, Plaintiffs Lake Mountain Nurseries, Inc. and Biograss Sod Farms, Inc., and complain against Sonic Solutions, LLC as follows:

**PARTIES**

1. Plaintiffs, Lake Mountain Nurseries, Inc. is a Utah corporation having a principal place of business in Sandy, Utah; and Biograss Sod Farms, Inc. is a Utah corporation having a principal place of business in Sandy, Utah (hereinafter collectively "Lake Mountain Nurseries").

1

2. Defendant Sonic Solutions, LLC ("Sonic Solutions"), is a Utah limited liability company having a principal place of business at Bingham Canyon, Utah.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this claim pursuant to the Lanham Act, 15 U.S.C. §1051 *et seq*. This Court has original jurisdiction over the federal claims pursuant to 28 U.S.C. § 1338 and supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district under 28 U.S.C. § 1391, pursuant to the Lanham Act, and because the defendant resides in this judicial district and/or the actions alleged herein occurred within this judicial district.

## GENERAL ALLEGATIONS

5. Lake Mountain Nurseries specializes in selling lawn and garden fertilizers, soils, grass and lawn seed, turf grass sod, and mulch, and other landscaping materials and supplies.

6. Lake Mountain Nurseries has been operating for more than 15 years in Utah and other intermountain states.

7. Lake Mountain Nurseries is one of the leading suppliers of lawn and garden fertilizers, soils, grass and lawn seed, turf grass sod, and mulch, and other landscaping materials and supplies in the Intermountain West.

8. The Greenhorizons Group of Farms Ltd. is the owner of the BIG YELLOW BAG federally registered trademarks, including U.S. Registration Nos.: 4,027,173 and 4,051,253

(hereinafter "BIG YELLOW BAG Trademarks").  Copies of the registration certificates are attached hereto as Exhibit A.

9. Lake Mountain Nurseries, Inc. is the exclusive licensee in Utah of the BIG YELLOW BAG Trademarks.  *See* Exhibit A.

10. Lake Mountain Nurseries has developed substantial and valuable goodwill in the BIG YELLOW BAG trademarks through use, advertising, industry recognition, and a history of providing high quality products under the BIG YELLOW BAG Trademarks.  As a result, Lake Mountain Nurseries and The Greenhorizons Group of Farms Ltd. have developed widespread recognition in the BIG YELLOW BAG Trademarks, all of which has inured and continues to inure to The Greenhorizons Group of Farms Ltd.'s substantial benefit.

11. Lake Mountain Nurseries is also the licensee of a copyright to an image of a woman wearing a red sweatshirt using a shovel to mix black garden soil in a red wheelbarrow (hereinafter referred to as "the copyrighted image") directly next to one of the BIG YELLOW BAG trademarks.  The copyrighted image is featured in several of Lake Mountain Nurseries' advertisements used in various publications, including the 2015 Salt Lake Tribune Home and Garden Festival magazine, which was distributed during the 2015 Salt Lake Tribune Home and Garden Festival at the South Towne Expo Center held on March 6-8, 2015.  A copy of Plaintiff's advertisement is attached hereto as Exhibit B.

12. Upon information and belief, Sonic Solutions, or a party acting in cooperation with Sonic Solutions, knowingly and intentionally copied and used the copyrighted image, including at least one of the BIG YELLOW BAG trademarks, in its own advertisement that was included as part of a magazine for the Salt Lake Tribune Home and Garden Festival held on March 6-8, 2015 (hereinafter "the advertisement"), which magazine was mailed and distributed to over

60,000 residences in February 2015 and March 2015. A copy of Defendant's advertisement is attached hereto as Exhibit C.

13. The advertisement in Exhibit C prominently included the use of one of the BIG YELLOW BAG trademarks and illustrated the bag as being filled with soil to advertise Sonic Solutions' products and services.

14. The advertisement in Exhibit C states that Sonic Solutions provides premium garden soil, soil prep conditioner, dark brown mulch, screened top soil and other landscaping materials in that bag.

15. Prior to the Salt Lake Tribune Home and Garden Festival held on March 6-8, 2015, Lake Mountain Nurseries contacted and raised an issue with Sonic Solutions after receiving a copy of the magazine containing the advertisement in Exhibit C.

16. Defendant's advertisement in Exhibit C was also used in the Salt Lake Tribune Home and Garden Festival magazine, which was distributed to over 15,000 attendees during the Festival held at the South Towne Expo Center on March 6-8, 2015.

17. Between the mailing of the Salt Lake Tribune Home and Garden Festival magazine and the actual Salt Lake Tribune Home and Garden Festival held on March 6-8, 2015, Defendant caused a sticker to be placed over the top of the copyrighted image, including at least one of the BIG YELLOW BAG trademarks, of its own advertisement. A copy of Defendant's advertisement with a sticker placed over the top of the copyrighted image is attached hereto as Exhibit D.

18. The advertisement in Exhibit D, including the sticker placed over the top of the copyrighted image, including at least one of the BIG YELLOW BAG trademarks, was

distributed to the attendees of the Salt Lake Tribune Home and Garden Festival held on March 6-8, 2015.

19. On information and belief, the only purpose for placing the BIG YELLOW BAG trademarks in the Defendant's advertisements is to trade off the goodwill of Lake Mountain Nurseries.

20. Sonic Solutions is aware of Lake Mountain Nurseries' rights in the BIG YELLOW BAG trademarks because, *inter alia*, the BIG YELLOW BAG trademark used in the copyrighted image includes a trademark notice, namely the ® notice.  Further, a cease and desist letter was sent to counsel for Sonic Solutions on March 30, 2015 providing further notice of Sonic Solutions' infringing actions.  A copy of the March 30, 2015 letter is attached hereto as Exhibit E.

21. Sonic Solutions' use of the BIG YELLOW BAG trademarks has been intentional and in deliberate disregard for the rights of Lake Mountain Nurseries.

**FIRST CLAIM FOR RELIEF**

**(Trademark Infringement under the Lanham Act, 15 U.S.C. §1114)**

22. Lake Mountain Nurseries incorporates and re-alleges the preceding paragraphs of this Complaint, as though fully set forth herein, and further alleges:

23. Sonic Solutions, without authorization, used at least one of the registered BIG YELLOW BAG trademarks in commerce in connection with the sale, offer for sale, distribution, and advertisement of goods, which compete with the goods sold by Lake Mountain Nurseries under the BIG YELLOW BAG trademarks.

24. Sonic Solutions has been placed on notice of Lake Mountain Nurseries' rights in the BIG YELLOW BAG trademarks on multiple occasions.

25. Sonic Solutions' unauthorized use of at least one of the registered BIG YELLOW BAG trademarks is likely to cause confusion, mistake, or to deceive the public as to the source of goods and services.

26. Sonic Solutions' use of at least one of the BIG YELLOW BAG trademarks is willful and in deliberate disregard for Lake Mountain Nurseries' rights in the BIG YELLOW BAG trademarks.

27. By reason of the foregoing, Lake Mountain Nurseries asserts a claim against Sonic Solutions for injunctive relief and monetary damages for trademark infringement pursuant to 15 U.S.C. § 1114.

## SECOND CLAIM FOR RELIEF

### (Unfair Competition under the Lanham Act, 15 U.S.C. §1125(a))

28. Lake Mountain Nurseries incorporates and re-alleges the preceding paragraphs of this Complaint, as though fully set forth herein, and further alleges:

29. Lake Mountain Nurseries is well known for its products, including lawn and garden fertilizers, soils, grass and lawn seed, turf grass sod, and mulch, and other landscaping materials and supplies.

30. Lake Mountain Nurseries markets its products under the BIG YELLOW BAG trademarks.

31. The BIG YELLOW BAG trademarks have developed considerable goodwill among consumers.

32. Sonic Solutions misrepresented to the public that their lawn and garden products and other landscaping materials and supplies was affiliated with Lake Mountain Nurseries by using at least one of the BIG YELLOW BAG trademarks in their advertisement in Exhibit C.

33. Sonic Solutions' actions create a likelihood of confusion among the public as to the affiliation of Sonic Solutions' advertisement and products with Lake Mountain Nurseries.

34. On information and belief, Sonic Solutions used at least one of the BIG YELLOW BAG trademarks with the specific purpose of misleading the public into believing that Lake Mountain Nurseries was affiliated, connected, or associated with them.

35. By reason of the foregoing, Lake Mountain Nurseries asserts a claim against Sonic Solutions for injunctive relief and monetary damages for unfair competition pursuant to 15 U.S.C. § 1125(a).

36. By reason of the foregoing, Lake Mountain Nurseries asserts that the present case is exceptional and entitles Lake Mountain Nurseries to treble damages and attorneys' fees.

### THIRD CLAIM FOR RELIEF

**(Unfair Competition - Common Law)**

37. Lake Mountain Nurseries incorporates and re-alleges the preceding paragraphs of this Complaint, as though fully set forth herein, and further alleges:

38. Defendant has been placed on notice of Lake Mountain Nurseries rights by virtue of the registered trademark notice, namely the ® symbol, used in connection with the BIG YELLOW BAG trademarks.

39. Despite the notice, Sonic Solutions deliberately copied and used the copyrighted image, including at least one of the BIG YELLOW BAG trademarks, in creating its own advertisement to intentionally trade off the goodwill of Lake Mountain Nurseries.

40. The acts complained of herein above have caused irreparable harm, damage and injury to Lake Mountain Nurseries for which Lake Mountain Nurseries has no adequate remedy at law.

42. Defendant's acts were in bad faith, in conscious and deliberate disregard of Lake Mountain Nurseries' rights, and were performed with the intention of depriving Lake Mountain Nurseries of its rights.  Accordingly, Lake Mountain Nurseries seeks an award of punitive damages in an amount sufficient to punish Defendant's and deter such conduct in the future.

43. By reason of the foregoing, Lake Mountain Nurseries asserts a claim against Defendant for unfair competition.

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition under the Utah Unfair Competition Act,

### Utah Code Ann. § 13-5(a)-101, *et seq.*)

44. Lake Mountain Nurseries incorporates and re·alleges the preceding paragraphs of this Complaint, as if the same were fully set forth herein, and further alleges:

45. Sonic Solutions' actions constitute an intentional business act and practice that is unlawful, unfair, and fraudulent, and has led to a material diminution in value of Lake Mountain Nurseries' intellectual property.

46. Sonic Solutions' actions constitute infringement of Lake Mountain Nurseries' trademark rights. Sonic Solutions' tortious actions have caused, and unless enjoined by this

Court will cause in the future, irreparable damage, loss, and injury to Lake Mountain Nurseries for which Lake Mountain Nurseries has no adequate remedy at law.

47. Pursuant to Utah Code Ann. § 13-5(a)-103, Lake Mountain Nurseries is entitled to actual damages, costs and attorney fees, and punitive damages.

48. By reason of the foregoing, Lake Mountain Nurseries asserts a claim against Sonic Solutions for violation of the Utah Unfair Competition Act.

**FIFTH CLAIM FOR RELIEF**

**(Deceptive Trade Practice under the Utah Truth in Advertising Act,**

**Utah Code Ann. § 13-11(a)-1,** *et seq.***)**

49. Lake Mountain Nurseries incorporates and re-alleges the preceding paragraphs of this Complaint, as though fully set forth herein, and further alleges:

50. Sonic Solutions, in the course of its business, caused a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, affiliation, connection, association or certification of goods.

51. Pursuant to Utah Code Ann. § 13-11(a)-4, Lake Mountain Nurseries is entitled to recover the amount of actual damages sustained, or $2,000, whichever is greater, plus court costs.  Lake Mountain Nurseries is also entitled to injunctive relief under Utah Code Ann. § 13-11(a)-4, attorneys' fees, and an order to cause defendants to promulgate corrective advertising.

52. By reason of the foregoing, Lake Mountain Nurseries asserts a claim against Sonic Solutions for violation of the Utah Truth in Advertising Act.

## SIXTH CLAIM FOR RELIEF:

### (Unjust Enrichment - Common Law)

53. Lake Mountain Nurseries incorporates and re-alleges the preceding paragraphs of this Complaint, as though fully set forth herein, and further alleges:

54. Lake Mountain Nurseries has expended considerable time and resources developing and promoting the BIG YELLOW BAG trademarks.

55. Sonic Solutions was aware of the benefit of using at least one of the BIG YELLOW BAG trademarks and sought to appropriate the time and resources expended by Lake Mountain Nurseries without the authorization or consent of Lake Mountain Nurseries.

56. By using the BIG YELLOW BAG trademarks without compensation to Lake Mountain Nurseries, Sonic Solutions has been unjustly enriched.

57. By reason of the forgoing, Lake Mountain Nurseries makes a claim against Sonic Solutions for Unjust Enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Lake Mountain Nurseries prays for judgment against Defendant as follows:

A. Enjoin Sonic Solutions, and all other persons participating or acting in concert with Sonic Solutions, from making, hosting or distributing advertisements that include the BIG YELLOW BAG trademarks without authorization from Lake Mountain Nurseries;

B. Enjoin Sonic Solutions, and all other persons participating or acting in concert with them, from infringing the BIG YELLOW BAG trademarks directly or contributorily;

C. Order Sonic Solutions to prepare an accounting of all proceeds generated by the development and use of the infringing advertisements;

D. Order Sonic Solutions to conduct corrective advertising to advise the public that Sonic Solutions is not affiliated, connected or associated with Lake Mountain Nurseries;

E. Award Lake Mountain Nurseries its damages and/or any profits of Sonic Solutions and its costs of the action pursuant to 15 U.S.C. § 1117(a);

F. Award Lake Mountain Nurseries treble its damages and/or Sonic Solutions' profits pursuant to 15 U.S.C. § 1117(b);

G. Find that this is an exceptional case and award Lake Mountain Nurseries' attorneys' fees pursuant to 15 U.S.C. § 1117(a);

H. Award Lake Mountain Nurseries treble damages and an amount not less than $2,000 for violation of the Utah Truth in Advertising Act, Utah Code Ann. § 13-11(a)-4;

I. Award injunctive relief, court costs, and attorneys' fees pursuant to the Utah Truth in Advertising Act, Utah Code Ann. §13-11(a)-4;

J. Award Lake Mountain Nurseries actual damages for violation of the Utah Unfair Competition Act, Utah Code Ann. § 13-5(a)-103;

K. Award Lake Mountain Nurseries costs and attorneys' fees pursuant to the Utah Unfair Competition Act, Utah Code Ann. §13-5(a)-103;

L. Award Lake Mountain Nurseries punitive damages pursuant to the Utah Unfair Competition Act, Utah Code Ann. §13-5(a)-103;

M. Award Lake Mountain Nurseries pre-judgment and post-judgment interest until such awards are paid; and

N. Award such other and further relief as is just and equitable.

Lake Mountain Nurseries demands a trial by jury on all matters so triable.

DATED this 4th day of August, 2015.

                                                      TECHLAW VENTURES, PLLC

                                                      /s/Terrence J. Edwards
                                                      _____
                                                      Terrence J. Edwards
                                                      Preston C. Regehr
                                                      Attorneys for Plaintiffs
                                                      Lake Mountain Nurseries, Inc.; and
                                                      Biograss Sod Farms, Inc.

                                                      TECHLAW VENTURES, PLLC
                                                      3290 West Mayflower Way
                                                      Lehi, Utah 84043